UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARILYN POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-113 |
| | ) | (VARLAN/SHIRLEY) |
| ALCOA HIGH SCHOOL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARILYN POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-171 |
| | ) | |
| HELEN ROSS MCNABB HOME BASE | ) | |
| PROGRAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case came before the undersigned pursuant to Local Rule 3.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee for assignment to a District Judge. The record indicates that the case of Powell v. Helen Ross McNabb Home Base Program, Civil Action No. 3:09-CV-171, was filed on April 21, 2009. One previous case has been filed, styled Powell v. Alcoa High School, Civil Action No. 3:09-CV-113, which was assigned to the Honorable Thomas A. Varlan, United States District Judge and Magistrate Judge C. Clifford Shirley, Jr.

Pursuant to E.D. TN. LR3.2(d)(3), cases related to a case already assigned to a District Judge shall be assigned or transferred to the Judge assigned to the previously filed case. The procedure set out in Local Rule 3.2(d)(3)(B) provides that "when it appears to the Clerk that a case submitted for filing may be related to a previously filed case, the submitted case shall be referred to the Magistrate Judge assigned to the previously filed case to determine whether or not the cases are related. If the Magistrate determines that the cases are related, the Magistrate will enter an Order directing the Clerk to assign the submitted case to the Judge assigned to the previously filed case." In this matter, it appeared to the Clerk that the case of <u>Powell v. Helen Ross McNabb Home Base Program</u>, Civil Action No. 3:09-CV-171, submitted for filing, might be related to the previously filed case of <u>Powell v. Alcoa High School</u>, Civil Action No. 3:09-CV-113, and thus the instant case was referred to the undersigned to determine whether or not the cases were related.

Cases are deemed related under Local Rule 3.2(d)(3)(A) when a filed case arises out of the same transaction or occurrence and involves one or more of the same parties as an earlier numbered case.

It appears to the undersigned that Civil Action No. 3:09-CV-171 is related to the earlier filed case, Civil Action No. 3:07-CV-113. Both cases involve the same plaintiff, and both cases appear to arise out of the same transaction or occurrence, the suspension of the plaintiff's child from Alcoa High School. Therefore, the undersigned finds that these cases are deemed related as they arise, in substantial part, out of the same transaction, occurrence, are claimed to be related thereto, and involve one or more of the same parties.

Therefore, it is the opinion of the undersigned that Civil Action No. 3:09-CV-171 (<u>Richardson v. Con Agra Foods, Inc.</u>) should be assigned to the Honorable Thomas A. Varlan, who

2

Case 3:09-cv-00171-TAV-CCS   Document 4   Filed 04/22/09   Page 2 of 3   PageID #: 32

was previously assigned to Civil Action No. 3:07-CV-113 (Powell v. Alcoa High School) in the interest of judicial economy.[1]

Accordingly, the Clerk is **DIRECTED** to assign Civil Action No. 3:09-CV-171 to the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] The Court also notes and calls the parties attention to Local Rule 3.2(e), which provides that "this rule is intended to provide for the orderly division of the business of the Court and not to grant any right to any litigant."