UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARILYN POWELL for CP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-171 |
| | ) | (VARLAN/SHIRLEY) |
| HELEN ROSS McNABB HOME | ) | |
| BASE PROGRAM, STACIE WEST, | ) | |
| TRACY STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on the Rule 12 Motion to Dismiss [Doc. 8], filed by defendants Helen Ross McNabb Home Base Program, Stacie West, and Tracy Staff ("defendants"). In the motion to dismiss, defendants request that the Court dismiss plaintiff Marilyn Powell's ("plaintiff's") *pro se* complaint [Doc. 3] for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also argue that plaintiff has failed to meet even the lenient pleading standards under which *pro se* complaints are evaluated. Plaintiff has responded in opposition [Doc. 15], and defendants have filed a reply [Doc. 16]. For the reasons set forth herein, defendants' motion to dismiss will be granted and plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

**I.    Relevant Facts**

On April 21, 2009, plaintiff filed a motion for leave to proceed *in forma pauperis* [Doc. 1]. The motion was granted and plaintiff filed her *pro se* complaint against defendants on April 22, 2009 [Doc. 3]. In her complaint, plaintiff did not provide a jurisdictional basis for this Court to exercise subject matter jurisdiction, nor did she allege any specific or general violation of a federal statute. The precise allegations in plaintiff's complaint are unclear, but, from what the Court can discern, the allegations seem to arise from problems that plaintiff and plaintiff's son, CP, experienced while CP was involved with defendant Helen Ross McNabb Home Base Program ("defendant Helen Ross McNabb") and its drug treatment programs.

Plaintiff seems to be asserting that defendant Stacie West ("defendant West") "abused her discretion" by suspending CP without plaintiff being present [Doc. 3, p. 1]. Plaintiff also asserts that defendant West made threats to plaintiff and CP, including using a participation agreement and a report by a Mr. John Qillen in order to get plaintiff and CP to sign paper work regarding CP's placement in a residential drug treatment program [*Id.*, p. 2]. Plaintiff also asserts that defendant Tracy Staff ("defendant Staff") retaliated against plaintiff and CP after plaintiff filed lawsuits against defendant West and Alcoa High School and that this retaliation caused the "progress" plaintiff had made with CP to go "down the drain" [*Id.*, pp. 2-3]. Plaintiff also makes allegations that CP was "badgered" by Alcoa police officers and that defendants West and Staff acted with "deliberate indifference" towards plaintiff and CP [*Id.*]. Plaintiff concludes her complaint with a claim for relief due to "monitary [sic],

2

physical, emotion and punitive damages that cause CP mental anguish and irreparable damages." [*Id.*].

Following the filing of plaintiff's complaint, defendants filed the instant motion to dismiss [Doc. 8]. Plaintiff filed a response [Doc. 15]. In this response, plaintiff submitted, under a heading titled "Jurisdiction," that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1334 [Doc. 15, ¶ 2]. Plaintiff also submitted, under a heading titled "Causes of Action," that "[d]efendants have violated the rights of the Plaintiffs under the due process clause of the 14th Amendment to the Constitution of the United States" and "[d]efendants have violated the constitutional rights of Plaintiffs under 42 U.S.C. [§] 1983." [*Id.*, ¶ 1]. Finally, plaintiff submitted, under a heading titled, "Relief," that her claims were asserted under 28 U.S.C. § 1343 and [42] U.S.C. § 1983.[1]

## II.  Analysis

As an initial matter, the Court notes that *pro se* pleadings to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Williams v. Bowman*, 981 F.2d 901, 903 (6th Cir. 1992) (recognizing the general rule that the pleadings of *pro se* plaintiffs should be construed more liberally than pleadings drafted by lawyers). The Court will, therefore, view plaintiff's *pro se* complaint pursuant to this less stringent standard.

---

[1] Plaintiff stated 28 U.S.C. § 1983, but, given plaintiff's other statements and language in her response, the Court assumes plaintiff meant 42 U.S.C. § 1983.

3

### A. Rule 12(b)(1)

Defendants first argue that plaintiff's complaint should be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a motion to dismiss "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

In a "facial attack," the basis of the challenge is not that the court does not actually have jurisdiction over the case, but rather that the plaintiff has failed to faithfully recite all the jurisdictional predicates necessary for the court to exercise subject matter jurisdiction over the matter. *RMI Titanium Co. v. Westinghouse Elec. Corp. ("RMI")*, 78 F.3d 1125, 1134 (6th Cir. 1996). If based on a facial attack, "a district court takes the allegations in the complaint as true, which is a similar safeguard employed under [Federal Rule of Civil Procedure] 12(b)(6) motions to dismiss." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citations omitted). If the plaintiff's allegations establish federal claims, jurisdiction exists. *Id.*

In contrast, a party making a "factual attack" on subject matter jurisdiction challenges the actual existence of the court's jurisdiction—a defect that may exist even though the complaint contains the formal allegations necessary to invoke jurisdiction. *RMI*, 78 F.3d at 1134. In this situation, the court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter. *Golden*, 410 F.3d at 881.

4

Defendants have brought both a facial attack and a factual attack on plaintiff's complaint. Plaintiff did not allege any jurisdictional basis in her complaint and did not allege any federal claims. However, in her response, plaintiff has asserted that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the federal statute establishing arising under jurisdiction, and plaintiff has claimed that she has been deprived of civil rights secured by 42 U.S.C. § 1983, the statute by which plaintiffs may enforce individual constitutional rights secured elsewhere. *See* 28 U.S.C. § 1331*;* 42 U.S.C. § 1983.

"A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 'only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (citation omitted). Defendants argue that plaintiff's allegations in the complaint are conclusory and groundless. While this may be true, the Court finds that the alleged facts that are included in the complaint, along with the jurisdictional allegations and causes of action asserted in plaintiff's response, meet the relatively low threshold for pleading a federal cause of action, both facially and factually. Further, as plaintiff has alleged a cause of action under 42 U.S.C. § 1983 for deprivation of rights secured by the Fourteenth Amendment, this is a claim for relief arising under federal law.

Accordingly, given the less stringent standard by which this Court will view pleadings prepared by *pro se* plaintiffs, the Court finds that plaintiff's complaint survives a facial and factual attack under Rule 12(b)(1) and Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(1); Fed. R.

Civ. Pro. 12(b)(6). Plaintiff has pleaded a cause of action, created by federal law, and one which, if true, provides a right to relief. *See, e.g., Eastman*, 438 F.3d at 550. When plaintiff's complaint and her response are viewed together, her factual allegations and her asserted causes of action constitute claims "arising under . . . the laws . . . of the United States." 28 U.S.C. § 1331. Accordingly, the jurisdiction of this Court is proper.

**B.     Rule 12(b)(6)**

Defendants also argue that plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 12(b)(6). In determining whether to grant a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his or her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (reaffirming that the *Twombly* standard for determining the sufficiency of a pleading applies to civil actions and is not limited to anti-trust claims); *MacDermid v. Discover Fin. Servs*, 488 F.3d 721, 733

6

(6th Cir. 2007). Thus, the factual allegations supplied must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61; *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009) (stating that the standard for a motion to dismiss is to screen out cases that "while not utterly impossible, are 'implausible'").

As stated above, plaintiff has alleged a cause of action under 42 U.S.C. § 1983 for deprivation of rights secured by the Fourteenth Amendment. As facts supporting this claim, plaintiff has alleged a disparate set of facts relating to defendant West's "abuse of discretion" in suspending CP, various types of threats by defendant West in regard to a residential drug program, various allegations of retaliation, and defendants West and Staff's "deliberate indifference" in regard to plaintiff and CP.

Title 42 U.S.C. § 1983 creates a remedy for those denied "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 alone, however, does not create substantive rights. Rather,

> [Section] 1983 merely provides a mechanism for enforcing individual rights "secured" elsewhere, *i.e.*, rights independently "secured by the Constitution and laws" of the United States. "[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979); *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006). Further, in order to state a claim under section 1983, a plaintiff would need to demonstrate: (1) a deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under color of state law; and (3) occurring without due

7

process of law. 42 U.S.C. § 1983; *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). Finally, because section 1983 is not itself a source of substantive rights, but only a method for vindicating federal rights conferred elsewhere, a plaintiff must set forth specific constitutional grounds for asserting a section 1983 claim. *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006); *see also Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

Even viewed in a light most favorable to plaintiff as a *pro se* litigant, this Court cannot conclude that plaintiff has stated a section 1983 claim based on any deprivation of rights secured by the Fourteenth Amendment. Plaintiff has only alleged a formulaic recitation of the elements of a civil rights action under section 1983 and has not identified the nature or the substance of any due process violation or other civil rights violation. Plaintiff has made vague allegations of "retaliation" and "deliberate indifference" but has not linked these allegations with facts sufficient to state a claim under section 1983. Moreover, while plaintiff has stated that the alleged deprivation occurred "under color of state law," plaintiff has provided no facts to support such an allegation. Plaintiff has sued defendants, which include Helen Ross McNabb, West, and Staff, but plaintiff has also alleged that other individuals, including an Alcoa police officer, engaged in conduct for which plaintiff is claiming a deprivation of rights. As such, plaintiff's vague factual allegations, when combined with plaintiff's assertions of a cause of action under section 1983 and the Fourteenth Amendment, do not provide any sort of notice or indication to defendants, or to the Court, as to the facts or the substance of plaintiff's allegations of due process violations

or deprivations of her civil rights. As such, the Court cannot conclude that plaintiff has stated a claim for which relief may be granted under 42 U.S.C. § 1983

## III. Conclusion

Accordingly, and for the reasons stated herein, the Court finds that defendants' Rule 12 Motion to Dismiss [Doc. 8] is well-taken and it is hereby **GRANTED**. Because it is quite clear that plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, this case is hereby **DISMISSED**. The clerk is **DIRECTED** to close this case. An appropriate order will be entered

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE